UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


UNITED STATES OF AMERICA )
)
) No. 1:05-CR-4
v. )
) Judge Curtis L. Collier
)
SEVERO MESA, JR. )
)


# **M E M O R A N D U M**

Defendant Severo Mesa, Jr. ("Defendant') filed a motion to suppress (Court File No. 56) which was referred to United States Magistrate Judge William B. Carter to conduct an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On July 11, 2005, the magistrate judge filed a report and recommendation that Defendant's motion be denied (Court File No. 65).

Defendant filed an objection to the portion of the report and recommendation denying his motion to suppress statements he made after his arrest, particularly its finding "Miranda warnings that were given in English were sufficient to meet the standards required even though the Defendant's primary language was Spanish" (Court File No. 66). Defendant did not object to the portion of the report and recommendation denying his motion to suppress the proceeds of officers' search of his truck. After reviewing this potion of the report and recommendation, the Court finds the magistrate judge's recommendation is supported by the evidence and the law, and the Court therefore will **ACCEPT** and **ADOPT** it and **DENY** Defendant's motion to suppress that evidence.

Defendant filed his objection two days after the deadline for such objections, set out in the

report and recommendation (*see* Court File No. 65 at 12). The Court nonetheless has considered Defendant's objection and, after carefully reviewing the relevant law and evidence presented during the suppression hearing, the Court finds the magistrate judge's determination regarding this statement to be supported by the law and the weight of the evidence. The Court therefore also will **ACCEPT** and **ADOPT** that portion of the report and recommendation, and will **DENY** Defendant's motion to suppress the statement.

## I.      Standard of Review

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## II.      Relevant Facts

Defendant has not objected to the magistrate judge's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** that portion of the report and recommendation (Court File No. 65, pp. 2-5). The Court here will set forth only those facts necessary to this memorandum and opinion.

Defendant asserts his "primary language" is Spanish. Defendant was arrested after a confidential informant ("CI") arranged a drug transaction with him and codefendants Jose Patino and Salvador Cortes in the parking lot of a Waffle House in East Ridge, Tennessee. Officers observed the first portion of the drug transaction take place according to the CI's instructions and arrested Defendant as he was about to conclude the transaction by delivering the drugs. Defendant

2

was driving a pickup truck as officers approached to arrest him, and when Detective Bill Bailey opened Defendant's door and asked him to exit the vehicle, Defendant spoke in English to him. Additionally, during his arrest, Defendant told Detective Bailey's supervisor, in English, he wished to speak to him in private. Subsequent to Defendant's arrest and a search of his pickup truck, in which drugs were discovered, Defendant was taken to the offices of the Hamilton County Sheriff's Department Narcotics Division for questioning. Officer Mark Eisenbeis was present for the interrogation of Defendant to provide interpretation if necessary, but departed after determining Defendant did not require an interpreter. Officer Chris Harvey administered *Miranda* warnings to Defendant in English, and Defendant read aloud a waiver of his Miranda rights from a form, printed in English, to Officer Harvey. Defendant then signed the form acknowledging the rights he was waiving and stating he understood and knew what he was doing. Officers interrogated Defendant after this waiver for an hour to an hour and a half, and Defendant had no problem responding to Officer Harvey's questions in English.

## III.    Analysis

Defendant did not file any memorandum in support of his objection or elaborate why he believes the magistrate judge's determination on this point is incorrect, other his statement specifically objecting to the magistrate judge's finding "Miranda warnings that were given in English were sufficient to meet the standards required even though the Defendant's primary language was Spanish" (Court File No. 66). In his motion to suppress, Defendant asserted "while he has the ability to understand many words in English and is conversant to the degree of being able to understand simple concepts, that the detectives did not review the Miranda warnings to him in

Spanish," therefore he did not knowingly and intelligently waive his Miranda rights, the interrogation was unlawful, and his statements to officers must be suppressed (Court File No. 56 at 2).

Before a criminal defendant may be interrogated in police custody, he must be informed of his Fifth Amendment rights to remain silent and to counsel. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The Supreme Court in *Miranda* required the exclusion of incriminating statements obtained during custodial interrogations unless the suspect was suitably warned of his rights and of the consequences of his failure to assert them, but failed to claim the Fifth Amendment privilege. *See id.* at 467-68; *see also Minnesota v. Murphy*, 465 U.S. 420, 429-30, 79 L. Ed. 2d 409, 104 S. Ct. 1136 (1984). A defendant may waive his or her rights to remain silent and to counsel, but the waiver must be voluntary, knowing, and intelligent; a court evaluates the validity of a waiver based on the totality of the circumstances. *Moran v. Burbine*, 475 U.S. 412, 421, 89 L. Ed. 2d 410, 106 S. Ct. 1135 (1986). The Government bears a "heavy burden" of showing a suspect's waiver of his rights was both knowing and intelligent, as well as that it was voluntary. *Miranda,* 384 U.S. at 475; *see also Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000) (*citing Colorado v. Connelly*, 479 U.S. 157, 169-71, 93 L. Ed. 2d 473, 107 S. Ct. 515 (1986)).

After a thorough review of the record, the Court finds it supports the magistrate judge's finding the Government showed at the hearing, through the testimony of Officer Harvey and Detective Bailey, Defendant speaks and understands English well and voluntarily, and met its burden of proving Defendant knowingly and intelligently waived his *Miranda* rights before giving a statement to the officers. Therefore, Defendant's rights under the United States Constitution were not violated by officers' failure to administer the warnings to him in Spanish, and suppression of

Defendant's statement is not warranted.


**IV.     Conclusion**

Therefore, because the Court finds the report and recommendation's analysis is supported by the evidence and the law, the Court will **ACCEPT** and **ADOPT** the report and recommendation and **DENY** Defendant's motion to suppress (Court File No. 56).

An Order shall enter.


_____**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**